IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KATHY COURTRIGHT,

    Petitioner,

v.                                  Civil Action No. 5:05CV174
                                   (Criminal Action No. 5:02CR70-09)
UNITED STATES OF AMERICA,                  (STAMP)

    Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

I.  Procedural History

Pro se petitioner Kathy Courtright filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody.  The government filed a response.  The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15.  Magistrate Judge Seibert issued a report recommending that the petitioner's § 2255 application be denied because in her plea agreement the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction.  The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after

being served with copies of the report. The time for objections has now passed and no objections have been filed to date.[1]

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation for clear error.

## III. Discussion

The petitioner contends in her § 2255 petition that she received ineffective assistance of counsel because her counsel allegedly represented to her that the maximum guideline sentence she would receive would be 37 months. The petitioner asserts that she signed the plea agreement based on that representation. The petitioner contends that she was unaware of her exposure to the Career Criminal Act and that counsel did not advise her of such

---

[1] On June 22, 2007, the report and recommendation mailed to the petitioner by the Clerk was returned as undeliverable. In the Notice of General Guidelines for Appearing Pro Se in Federal Court, provided to the petitioner on October 17, 2005, the petitioner was advised that she must keep the Court and opposing counsel advised of her most current address at all times and that failure to do so may result in the action being dismissed without prejudice.

2

exposure.  Additionally, the petitioner contends that counsel was ineffective because he foreclosed her ability to appeal the enhanced sentence by failing to object to the use of unproven prior convictions in the calculation of her career offender status.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction when she pled guilty to Count Six of an indictment charging her with distribution of crack within 1,000 feet of a school.  Specifically, the petitioner signed a plea agreement on July 29, 2003 which stated that she "waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255."[2]

Because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction, the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

## IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and

---

[2]The plea agreement was accepted and filed by this Court on August 8, 2003.

3

recommendation of the magistrate judge in its entirety. Accordingly, petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the petitioner has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 13, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE